31396. GREEN v. THE STATE.

DECIDED OCTOBER 11, 1946.

*H. Alonzo Woods,* for plaintiff in error.

*W. H. Lanier, Solicitor-General,* contra.

GARDNER, J. The defendant was jointly indicted, with Tot Weaver, for hog stealing, was tried separately, and convicted. The jury fixed the minimum and maximum term to be served at not less than two nor more than four years, without a recommendation that he be punished as for a misdemeanor. The defendant filed an amended motion for a new trial, which was overruled. On this judgment he assigns error.

1. The evidence amply sustains the verdict as to the general grounds.

2. There are what is designated as eleven special grounds. However, they are somewhat overlapping and can not very well be segregated in such a manner as to clarify and discuss them as eleven separate grounds. Special ground 1, for instance, is merely introductory to all of the following special grounds. Special grounds 2, 3, 4, and 5 are mere amplifications of the general grounds and assign error because the court failed to charge the principles in certain named Code sections. There is no specific assignment as to what portions of those sections are referred to, either in the amended motion or in the brief of able counsel for the plaintiff in error. The sections referred to are, respectively, §§ 38-304, 38-105, 38-106, and 38-102. The charge as a whole, without any special request to charge, covers the numerous provisions of these sections.

3. Special grounds 6 and 8 assign error because the court omitted to charge, without a written request, that the jury were the judges of the law and facts. In view of the entire charge, and of the whole record, these assignments of error do not require a reversal.

4. Special ground 7 alleges that the judge sentenced the defendant to not less than three nor more than four years in the

penitentiary, and that this was error because the verdict was for not less than two nor more than four years in the penitentiary. In passing on the amended motion for a new trial, the trial judge states that the sentence was corrected to conform to the jury verdict, therefore this ground has no merit.

5. Special ground 9 assigns error because the evidence does not sufficiently identify the property as described in the indictment. Under the evidence this ground has no merit.

6. Special ground 10 assigns error because the indictment alleged the value of the property stolen to be $30, whereas the evidence established a value of only $28.50. This ground is without merit.

· 7. Special ground 11 is but a general summary of the alleged errors covered in the preceding grounds and needs no further comment.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*